Robert W. Hernquist (NV Bar No. 10616)
HOWARD & HOWARD ATTORNEYS PLLC
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5980
Office: (702) 667-4834
Fax: (702) 567-1568
RHernquist@howardandhoward.com

Merritt R. Blakeslee *(pro hac vice* application to be submitted)
THE BLAKESLEE LAW FIRM
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
Office:  (202) 419-1535
Fax:  (202) 318-0423
MRB@blakeslee-law.com

*Counsel for Plaintiff Advance Tuner Warehouse, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADVANCE TUNER WAREHOUSE, INC., d/b/a NRG INNOVATIONS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. TECHNOLOGY PRODUCT SDN BHD, d/b/a WORKS ENGINEERING, a Malaysian corporation,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action for patent infringement under the patent statutes, 35 U.S.C. § 101 *et seq.*, in particular 35 U.S.C. § 271, arises from Defendant's infringement of Plaintiff Advance Tuner

Warehouse, Inc.'s ("ATW" or "Plaintiff") U.S. Patent No. 7,527,293 ("the '293 Patent") relating to a lockable steering wheel quick-release unit. ATW seeks injunctive relief, damages, and attorney's fees and costs.

On information and belief, Defendant is a foreign company located or based in Malaysia. The Defendant is making its once-yearly appearance in the United States at the 2015 Specialty Equipment Market Association Show ("2015 SEMA Show"), which is currently underway at the Las Vegas Convention Center in Las Vegas, Nevada, to exhibit and offer its products for sale, including but not limited to products that infringe ATW's '293 Patent.

The 2015 SEMA Show opened on Tuesday, November 3, 2015, and runs through Friday, November 6, 2015. Although the Defendant is presently within this judicial district, when the 2015 SEMA Show ends, the Defendant will leave the United States and return to Malaysia.

## JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

1. The Court has subject matter jurisdiction over this action for infringement of a U.S. Patent under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

*Personal Jurisdiction*

2. Defendant U.S. Technology Product SDN BHD, d/b/a Works Engineering ("Defendant" or "Works Engineering") has transacted substantial business in this judicial district by offering to sell products as described and claimed in a U.S. patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district. Specifically, Defendant has offered for sale in this District products that infringe the '293 Patent in violation of 35 U.S.C. § 271(a), including but not limited to doing so at the 2015 SEMA Show, as described below. Therefore, the exercise of personal jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

*Venue*

3. Venue is proper under 28 U.S.C. § 1400(b) because Defendant is a corporation subject to personal jurisdiction in this District and is therefore deemed to reside in this District under 28 U.S.C. § 1391(c)(2). Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District. Finally, venue is also proper under 28 U.S.C. § 1391(c)(3) because Defendant is an alien and may be sued in any district.

## PARTIES

4. Plaintiff Advance Tuner Warehouse, Inc., which does business as NRG Innovations, is a California corporation with its principal place of business at 13668 Valley Boulevard, Unit F-1, City of Industry, California, 91746.

5. ATW believes, and therefore alleges, that Defendant U.S. Technology Product SDN BHD, which does business as Works Engineering, is a Malaysian corporation with it principal places of business at No. 4, Jalan Permas 9/10, Bandar Baru Permas Jaya, 81759 Masai, Johor, Malaysia. See **Exhibit A**.

## THE '293 PATENT

6. The United States Patent Office issued the '293 Patent, entitled "Lockable steering wheel quick-release unit" to Calvin S. Wang ("the Inventor") on May 5, 2009. A copy of the '293 Patent is attached as **Exhibit B**.

7. The invention of the '293 Patent is a novel vehicle steering wheel quick-release unit permitting the quick removal of a vehicle's steering wheel for safety or anti-theft purposes and having the capability of locking the steering wheel hub after the steering wheel has been removed.

8. On June 2, 2009, the Inventor assigned the '293 Patent to ATW. A copy of the assignment is attached as **Exhibit C**.

9. In consequence of this assignment, ATW today holds all rights, title, and interest in the '293 Patent. See **Exhibit D** (USPTO Abstract of Title).

10. ATW has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, selling, or importing its patented invention, including the right to bring this action for injunctive relief and past and future damages.

11. ATW markets and sells products embodying the '293 Patent throughout the United States and the world.

## FIRST CAUSE OF ACTION

(DEFENDANT'S INFRINGEMENT OF THE '293 PATENT)

12. ATW incorporates all paragraphs above by reference.

13. Defendant manufactures, advertises, and offers for sale products that infringe the '293 Patent ("Infringing Products"). These include specifically a unit comprising a steering wheel adapter and a flanged extending hub ("Steering Quick Release") and a steering shaft hub ("Slim Boss Hub"). See **Exhibits E** (Steering Quick Release) and **F** (Slim Boss Hub), showing Infringing Products offered for sale on Defendant's website, worksengineering.co.

14. Defendant offers its products online through its own website, www.worksengineering.co, where Defendant boasts that its Steering Quick Release is a "best seller." See **Exhibit G**. From this website, Defendant makes sales of the Infringing Products directly to the United States; each listing for an Infringing Products that is accessed from the United States includes the cost of shipping the item to the United States. See **Exhibits E** and **F**.

15. On October 9 and 13, 2015, Defendant made sales of Infringing Products from its website to a consumer in the United States. See **Exhibits H** through **K**.

16. Defendant also distributes its Infringing Products to third party resellers, many of whom are also based in Malaysia. These third party resellers sell Defendant's products through various e-commerce platforms, including eBay Australia and Alibaba.com. See, *e.g.*, **Exhibit L**.

17. The 2015 SEMA Show opened on Tuesday, November 3, 2015 and runs through Friday, November 6, 2015.

18. 2015 SEMA Show is the largest trade show in the United States in the high performance automotive aftermarket industry, the industry in which ATW's products and Defendant's Infringing Products compete.

19. Defendant is a registered exhibitor at the 2015 SEMA Show, where it exhibits in Booth 73002 in an annex to the Central Hall. **Exhibit M** is a copy of Defendant's exhibitor information from the 2015 SEMA Show's online exhibitor directory.

20. At least as early as Tuesday, November 3, 2015, Defendant and was exhibiting sales literature offering to see the Infringing Products in its booth at the 2015 SEMA Show.

21. Defendant has directly infringed and continues to directly infringe the '293 Patent by making, using, importing, offering to sell, and/or selling (directly or through intermediaries) Steering Quick Releases and Slim Boss Hubs, embodying one or more claims of the '293 Patent in the United States. 35 U.S.C. § 271(a).

22. Specifically, Defendant's Steering Quick Releases and Slim Boss Hubs directly infringe at least Claim 1, and Defendant's Slim Boss Hubs directly infringe at least Claim 16, of the '293 Patent.

23. ATW believes, and therefore alleges, that Defendant's infringement of the '293 Patent will continue unless permanently enjoined.

24. ATW has suffered and will continue to suffer irreparable harm from Defendant's infringement of the '293 Patent, including, *inter alia*, injury to its business results, prospects, goodwill, and market presence and through the erosion of ATW's statutory right to exclude others from practicing the claimed invention.

25. ATW has suffered and will continue to suffer monetary damages from Defendant's infringement of the '293 Patent.

26. As a consequence of Defendant's infringement, ATW is entitled to relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, ATW prays that the Court enter judgment as follows:

A. Holding that Defendant has violated 35 U.S.C. § 271 by infringing one or more claims of the '293 Patent, literally and/or under the doctrine of equivalents;

B. Permanently enjoining Defendant and its respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, from infringing the '293 Patent;

C. Permanently enjoining Defendant and its respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from making sales of the Infringing Products to consumers in the United States, whether through its own website or through third party resellers;

D. Ordering Defendant to account for and pay to ATW the damages to which ATW is entitled as a consequence of Defendant's infringement of the '293 Patent, in an amount to be determined at trial;

E. Awarding ATW prejudgment interest and post-judgment interest on any damages awarded by reason of Defendant's infringement of the '293 Patent;

F. Awarding ATW its costs incurred in bringing and maintaining this action, including reasonable attorney fees;

G. Awarding such other and further relief as this Court may deem just, proper and equitable.

### DEMAND FOR JURY TRIAL

ATW demands trial by jury of all issues triable by a jury.

RESPECTFULLY SUBMITTED this 4th day of November, 2015.

**HOWARD & HOWARD ATTORNEYS PLLC**

By: /s/ Robert Hernquist
Robert Hernquist, Nevada Bar No. 10616

—AND—

THE BLAKESLEE LAW FIRM
Merritt R. Blakeslee

*Counsel for PLAINTIFF ADVANCE TUNER WAREHOUSE, INC.*